JS 44 - No. CALIF  (Rev. 4/97)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO)

**I. (a) PLAINTIFFS**

PEBBLE BEACH COMPANY, a California General Partnership

**DEFENDANTS**

MICHAEL CADDY, an individual

E-FILING

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Monterey
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Janet L. Cullum (104336)
Cooley Godward LLP
Five Palo Alto Square, 3000 El Camino Real
Palo Alto, CA  94306-2155
(650) 843-5000

ATTORNEYS (IF KNOWN)

C03 04550 JCS

**II. BASIS OF JURISDICTION** (PLACE AN 'X' IN ONE BOX ONLY)

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question (U.S. Government Not a Party) |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity (Indicate Citizenship of Parties in Item III) |

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN 'X' IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For diversity cases only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

| | | | | | | |
|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 Appeal to District Judge from Magistrate Judgment |

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | | ☐ 640 RR & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☒ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending ☐ 380 Other Personal Property Damage | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motion to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing | ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty ☐ 540 Mandamus & Other | | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 555 Prison Condition | | | |

**VI. CAUSE OF ACTION** (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)  15 U.S.C. § 1501, et seq., federal and common law service mark infringement, trade name infringement, false designation of origin and dilution

**VII. REQUESTED IN COMPLAINT:**  ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23  DEMAND $ Perm. Inj.  ☐ CHECK YES only if demanded in complaint:  JURY DEMAND: ☒ YES  ☐ NO

**VIII. RELATED CASE(S) IF ANY**  PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

**IX. DIVISIONAL ASSIGNMENT** (CIVIL L.R. 3-2) (PLACE AN "X" IN ONE BOX ONLY)  ☐ SAN FRANCISCO/OAKLAND  ☒ SAN JOSE

DATE
October  8 , 2003

SIGNATURE OF ATTORNEY OF RECORD
Janet L. Cullum

NDC-JS44

COPY

AO 440 (Rev. 10/93)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

E-FILING

PEBBLE BEACH COMPANY, a California General
Partnership

**SUMMONS IN A CIVIL CASE**

**v.**

MICHAEL CADDY, an individual

CASE NUMBER:

C03   04550 **JCS**

TO:

Michael Caddy, c/o Pebble Beach, Marine Drive, Barton-on-Sea, Hampshire BH25 7DZ, United Kingdom

Michael Caddy, Townsend Studios, Curry Rivel, Somerset, United Kingdom 10oho

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

Janet L. Cullum
COOLEY GODWARD LLP
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA  94306-2155
Tel: (650) 843-5000
Fax: (650) 857-0663

an answer to the complaint which is herewith served upon you, within 20          days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint.  You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

RICHARD W. WIEKING

OCT 08 2003

CLERK   _Betty J. Walton_

DATE

Betty J. Walton

(BY) DEPUTY CLERK



NDCAO440

1   COOLEY GODWARD LLP
    JANET L. CULLUM (104336)
2   Five Palo Alto Square
    3000 El Camino Real
3   Palo Alto, CA  94306-2155
    Telephone:    (650) 843-5000
4   Facsimile:    (650) 857-0663

5   TRATTNER & ASSOCIATES
    STEPHEN M. TRATTNER
6   77 West Street, Suite 310
    Anapolis, MD  21401
7   Telephone:    (443) 482-9155
    Facsimile:    (443) 482-9299
8
    Attorneys for Plaintiff
9   PEBBLE BEACH COMPANY

10                  UNITED STATES DISTRICT COURT

11                 NORTHERN DISTRICT OF CALIFORNIA

12                       SAN JOSE DIVISION

13

14  PEBBLE BEACH COMPANY, a California       Case No.
    General Partnership,
15                                            **COMPLAINT FOR SERVICE MARK AND**
                    Plaintiff,                 **TRADE NAME INFRINGEMENT, FALSE**
16                                            **DESIGNATION OF ORIGIN AND DILUTION,**
          v.                                   **AND UNFAIR COMPETITION**
17
    MICHAEL CADDY, an individual,            **JURY TRIAL DEMANDED**
18
                    Defendant.               Trial Date:   Not Yet Set
19

20        Plaintiff, Pebble Beach Company ("Plaintiff" or "Pebble Beach"), for its Complaint

21  against Defendant, alleges as follows:

22  **I.      THE PARTIES**

23        1.      Plaintiff Pebble Beach Company is a California general partnership having its

24  principal place of business in the County of Monterey, California.

25        2.      On information and belief, Plaintiff alleges that Defendant Michael Caddy

26  ("Defendant"), who is an individual, is a citizen of the United States.

27  **II.     JURISDICTION AND VENUE**

28        3.      This is an action for federal and common law service mark infringement, trade

COOLEY GODWARD LLP
ATTORNEYS AT LAW
SAN FRANCISCO

658249 v2/PA
#3WP02!.DOC

1.

**COMPLAINT**

1   name infringement, false designation of origin and dilution arising under both the Federal

2   Trademark Act of 1946, 15 U.S.C. § 1051, et seq., and the California Business & Professions

3   Code, §§ 14330 and 17200, et seq.

4   **4.** This Court has original jurisdiction over the federal infringement and dilution

5   claims set forth in this Complaint under 15 U.S.C. § 1121 and 28 U.S.C. § 1338(a) and (b). This

6   Court has supplemental jurisdiction over the state law claims. The basis for assignment of this

7   action to the San Jose Division of this Judicial District is that a substantial part of the events or

8   omissions that give rise to the claims set forth below occurred in Monterey County.

9   **5.** On information and belief, Defendant actively advertises in and seeks business

10   from citizens and residents of the United States, including California, and knew or had reason to

11   know that the primary effects caused by his actions that give rise to the claims in the Complaint

12   will be experienced by Plaintiff and within this District; therefore this Court has personal

13   jurisdiction over Defendant and venue is proper under 28 U.S.C. § 1391.

14   **6.** United States businesses in general, and Plaintiff in particular, would be greatly

15   injured if individuals or other entities (owned by United States or foreign citizens) committed the

16   type of infringement and dilution as alleged in this Complaint and were not subject to the Lanham

17   Act, and to deny subject matter and personal jurisdiction under the circumstances would be

18   eminently unfair to businesses like Plaintiff residing in the United States.

19   **III.    BACKGROUND STATEMENT**

20   **7.** In late 1879 or 1880, Plaintiff's predecessor-in-interest, the Pacific Improvement

21   Company ("Pacific"), acquired a substantial land holding in Monterey County, California, which

22   the state of California had identified, in pertinent part, as "Rancho El Pescadero."

23   **8.** In 1919, Plaintiff's predecessor-in-interest, Del Monte Properties Co. (collectively

24   "Plaintiff"), acquired Rancho El Pescadero, as part of a 18,000 acre landholding that it purchased

25   from Pacific. Pacific had begun referring to an area of the landholding as "Pebble Beach" in

26   1908. Plaintiff continued this practice. This area has never been a political subdivision of the

27   State of California and remains unincorporated.

28   **9.** In 1919, Plaintiff opened a golf course which it called PEBBLE BEACH.

COOLEY GODWARD LLP
ATTORNEYS AT LAW
SAN FRANCISCO

658249 v2/PA
#3WP02!.DOC

2.

COMPLAINT

1    **10.**    Since its dedication in 1919, Plaintiff has hosted many major golf championships

2    at the PEBBLE BEACH golf course, including but not limited to this country's national

3    championship, the "U.S. Open" in 1972, 1982, 1992 and 2000.  These tournaments have helped to

4    make the PEBBLE BEACH golf course and resort famous throughout the world, including Great

5    Britain.

6    **11.**    In 1992, <u>Golf Magazine</u> proclaimed the PEBBLE BEACH golf course as the

7    greatest golf course in the world.

8    **12.**    For decades, professional golf and travel writers and others have written hundreds

9    of unsolicited articles in major golf, general interest and travel magazines, as well as in books,

10   throughout the world, including Great Britain, highlighting the storied golf history of Plaintiff's

11   PEBBLE BEACH golf course, and PEBBLE BEACH resort accommodations, restaurant and bar

12   services.

13   **13.**    For over 50 years prior to 2002, numerous famous celebrity entertainers would

14   stay at Plaintiff's PEBBLE BEACH resort and utilize Plaintiff's PEBBLE BEACH

15   accommodations, restaurant and bar services and their activities there were reported in the

16   national and international news.

17   **14.**    For over 50 years, prior to 2002, Plaintiff referred to its trade name in providing its

18   resort services as "Pebble Beach" and/or the "Pebble Beach Company", which trade names on

19   information and belief have acquired secondary meaning in the United States and Great Britain

20   well prior to 2002.

21   **15.**    Long prior to 2002, Plaintiff and the public in the United States and Great Britain

22   have used Plaintiff's famous mark PEBBLE BEACH to identify Plaintiff as the source of

23   Plaintiff's accommodations, restaurant and bar services, and have visited Plaintiff's famous

24   PEBBLE BEACH resort, and purchased Plaintiff's famous PEBBLE BEACH accommodations,

25   restaurant and bar services.

26   **16.**    Plaintiff has gained a substantial and favorable reputation in connection with its

27   resort, accommodations, restaurant and bar services marketed, and sold under its PEBBLE

28   BEACH marks, and its "Pebble Beach" trade name.

17.     Plaintiff's famous PEBBLE BEACH service marks for accommodations, restaurant, and bar services and trade name serve as the triggering mechanism for the sale of Plaintiff's services to residents in the United States and Great Britain.

18.     Plaintiff is the owner of the inherently distinctive and acquired distinctive common law service mark PEBBLE BEACH for accommodations, restaurant, and bar services.   In addition, Plaintiff is the owner of federal registrations on the Principal Register for the inherently distinctive service mark PEBBLE BEACH for resort, hotel, restaurant, and bar services, Reg. No.1,724,418 and Reg. No. 1,605,005.

19.     Plaintiff is the owner of the domain name and website "PebbleBeach.com," which is inherently distinctive and had acquired distinctiveness prior to 2002.

20.     On information and belief, Defendant worked at a golf resort in Carmel, California, near Plaintiff's PEBBLE BEACH resort prior to his selection of "Pebble Beach" as the name of his businesses and to identify his accommodation, restaurant, and bar services, and Defendant knew of Plaintiff's "Pebble Beach" fame before he selected "Pebble Beach" to identify the source of his services described below.

21.     On information and belief, Defendant intentionally selected "Pebble Beach" for the name of and to identify his restaurant, bar and accommodation services to trade on the fame and good will associated with Plaintiff's famous PEBBLE BEACH marks.

22.     On information and belief, Defendant knew that the location of his facilities attracted tourists from the United States and therefore wanted to select a name and service mark that (i) would be known to many of these tourists, and (ii) had a reputation for luxury in the field of accommodations, dining and bar services to create initial interest  in and by his potential and actual consumers and to create the impression in these consumers that his offered luxurious services at a very reasonable price.

23.     On information and belief, Defendant selected "Pebble Beach-uk.com" as the primary if not exclusive domain name and website for his "Pebble Beach" facilities and services because it was a domain name that would attract potential and actual customers residing in the United States as the ".com" is a United States top level domain name, whereas if Defendant

COOLEY GODWARD LLP
ATTORNEYS AT LAW
SAN FRANCISCO

658249 v2/PA
#3WP02!.DOC

4.

COMPLAINT

1   intended to solicit primarily visitors from the United Kingdom he would have selected a top level

2   domain for the United Kingdom which is reflected by ".co.uk".

3       **24.**    Defendant's "Pebble Beach" web-site is interactive and solicits reservations from

4   United States citizens for his "Pebble Beach" services.  On information and belief, Defendant

5   used the term "Pebble Beach" as a metatag for his "Pebble Beach" website.

6       **25.**    On information and belief, United States citizens have seen Defendant advertising

7   his Pebble Beach services on his "Pebble Beach" website.

8       **26.**    On information and belief, United States citizens who have seen Defendant's

9   "Pebble Beach" website have subsequently visited and purchased services for one or more of his

10  "Pebble Beach" services.

11      **27.**    On information and belief, citizens from the United States, who had not seen

12  Defendant's "Pebble Beach" website, have visited and purchased one or more of his "Pebble

13  Beach" services.

14      **28.**    On information and belief, Defendant's "Pebble Beach" services are inferior

15  compared to the quality of services provided by Plaintiff under its PEBBLE BEACH service

16  marks.

17      **29.**    On information and belief, Defendant emphasizes the term "Pebble Beach" in

18  advertising his "Pebble Beach" services and further his attempt to trade on Plaintiff's famous

19  "Pebble Beach" service marks by referring to himself or his company as "Pebble Beach".

20      **30.**    On information and belief, Defendant has used and continues to use the mark

21  "Pebble Beach" knowing that Plaintiff had used "Pebble Beach" to identify Plaintiff's

22  accommodation, restaurant and bar services.

23      **31.**    On information and belief, Defendant's use of the term "Pebble Beach" in his

24  marks, trade name and domain name creates an initial interest in his potential and actual

25  customers due to the fame and reputation associated with Plaintiff's PEBBLE BEACH service

26  marks and trade name alleged in this Complaint.

27      **32.**    On information and belief, Defendant's use of the term "Pebble Beach" as alleged

28  herein has created a likelihood of confusion with Plaintiff's PEBBLE BEACH service marks and

COOLEY GODWARD LLP
ATTORNEYS AT LAW
SAN FRANCISCO

658249 v2/PA
#3WP02!.DOC

5.

COMPLAINT

1   trade name.

2   **33.**   On information and belief, Defendant's use of the term "Pebble Beach" as alleged

3   herein has created actual dilution and a likelihood of dilution in terms of blurring and

4   tarnishment.

5   **34.**   On information and belief, Defendant has been unjustly enriched from the

6   unauthorized use of the term "Pebble Beach" in his service marks, domain name and metatags.

7   **35.**   Plaintiff sent Defendant two cease and desist letters in January and February 2003,

8   demanding that he immediately cease and desist from any further use of the term "Pebble Beach."

9   Since that time until shortly prior to the filing of this Complaint, the parties have attempted

10   through counsel to resolve these claims but were unable to do so, and Defendant has continued to

11   use "Pebble Beach" over Plaintiff's objections.

12   **36.**   Plaintiff has suffered irreparable injury as a result of Defendant's unauthorized

13   uses of and references to "Pebble Beach," and unless these uses and references are permanently

14   enjoined, Plaintiff will continue to suffer irreparable injury.

15   **COUNT I**

16   **SERVICE MARK INFRINGEMENT UNDER § 32(1) OF THE LANHAM ACT**

17   **37.**   Plaintiff incorporates by reference and re-alleges, as if fully set forth herein,

18   paragraphs 1 through 36 of this Complaint.

19   **38.**   Defendant's unauthorized use of Plaintiff's federal service marks PEBBLE

20   BEACH (Reg. Nos. 1,724,418 and 1,605,005) for accommodations, restaurant and bar services,

21   or the use of any other mark that is identical or confusingly similar to these federally registered

22   PEBBLE BEACH service marks, including but not limited to Defendant's accommodation,

23   dining, restaurant and bar services, pebblebeach-uk.com, and his use of a Pebble Beach metatag

24   for his web-site, infringe Plaintiff's federally registered PEBBLE BEACH marks because such

25   use is likely to cause confusion, mistake, or deception in violation of § 32(1) of the Lanham Act,

26   15 U.S.C. § 1114.

27   **39.**   Defendant's acts alleged herein have caused Plaintiff to lose control over the

28   reputation associated with its PEBBLE BEACH registered service marks Reg. Nos. No.1,724,418

COOLEY GODWARD LLP
ATTORNEYS AT LAW
SAN FRANCISCO

658249 v2/PA
#3WP02!.DOC

6.

COMPLAINT

1    and 1,605,005.

2        **40.**    Defendant's acts alleged herein irreparably injure Plaintiff and its business,

3    reputation, and goodwill, and will continue to do so unless and until they are permanently

4    enjoined.

5                                        **COUNT II**

6    **SERVICE MARK, TRADE NAME INFRINGEMENT AND FALSE DESIGNATION**
     **OF ORIGIN UNDER § 43(a) OF THE LANHAM ACT**
7

8        **41.**    Plaintiff incorporates by reference and re-alleges, as if fully set forth herein,

9    paragraphs 1 through 40 of this Complaint.

10       **42.**    Defendant's unauthorized uses of the mark PEBBLE BEACH in connection with

11   the identification and advertising of his accommodation, dining, restaurant and bar services, his

12   trade name and website, or the use of any other mark that is identical or confusingly similar to

13   Plaintiff's common law and federal PEBBLE BEACH service marks (Reg. Nos. 1,724,418 and

14   1,605,005) and Pebble Beach trade name, infringe Plaintiff's common law and federal PEBBLE

15   BEACH service marks and trade names because such use is likely to cause confusion, mistake,

16   deception as to the origin, sponsorship, or approval of Defendant's services, or deception as to the

17   affiliation, connection, or association between Defendant and Plaintiff in violation of § 43(a) of

18   the Lanham Act, 15 U.S.C. §1125 (a).

19       **43.**    Defendant's acts alleged herein have caused Plaintiff to lose control over the

20   reputation associated with its PEBBLE BEACH services marks and trade names.

21       **44.**    Defendant's acts alleged herein irreparably injure Plaintiff and its business,

22   reputation, and goodwill, and will continue to do so unless and until they are permanently

23   enjoined.

24                                       **COUNT III**

25                      **DILUTION UNDER § 43(c) Of THE LANHAM ACT**

26       **45.**    Plaintiff incorporates by reference and re-alleges, as if fully set forth herein,

27   paragraphs 1 through 44 of this Complaint.

28       **46.**    Plaintiff's common law and federal PEBBLE BEACH service marks are famous,

1    and were famous among Defendant's actual and potential customers prior to Defendant's first use

2    of his "Pebble Beach" services, domain name and metatag.

3        **47.**    Defendant's use of "Pebble Beach" alleged herein has caused actual dilution

4    because it has reduced Plaintiff's selling power in its PEBBLE BEACH famous service marks,

5    and has whittled away at the ability of Plaintiff's famous PEBBLE BEACH service marks to

6    identify only Plaintiff's services and has diluted the distinctive quality of Plaintiff's famous

7    PEBBLE BEACH service marks by blurring and by tarnishment in violation of § 43(c) of the

8    Lanham Act, 15 U.S.C. § 1125(c).

9        **48.**    Defendant's acts alleged herein irreparably injure Plaintiff and its business,

10   reputation, and goodwill, and will continue to do so unless and until they are permanently

11   enjoined.

12                                **COUNT IV**

13           **DILUTION UNDER § 14330 CALIFORNIA BUSINESS AND PROFESSIONS CODE**

14       **49.**    Plaintiff incorporates by reference and re-alleges, as if fully set forth herein,

15   paragraphs 1 through 48 of this Complaint.

16       **50.**    Plaintiff's PEBBLE BEACH service marks are strong, distinctive and famous

17   within the meaning of California Business and Professions Code §14330.

18       **51.**    Defendant's use of PEBBLE BEACH as alleged herein has caused a likelihood of

19   dilution and has whittled away at the ability of Plaintiff's famous PEBBLE BEACH service

20   marks to identify only Plaintiff's services, and has diluted the distinctive quality of Plaintiff's

21   famous PEBBLE BEACH service marks by blurring and by tarnishment in violation of California

22   Business & Professions Code § 14330.

23       **52.**    Defendant's acts alleged herein irreparably injure Plaintiff and the its business,

24   reputation, and goodwill, and will continue to do so unless and until they are permanently

25   enjoined.

26                                **COUNT V**

27           **UNFAIR COMPETITION AND DECEPTIVE TRADE PRACTICES**

28       **53.**    Plaintiff incorporates by reference and re-alleges, as if fully set forth herein,

COOLEY GODWARD LLP
ATTORNEYS AT LAW
SAN FRANCISCO

658249 v2/PA
#3WP02!.DOC

8.

COMPLAINT

1  paragraphs 1 through 52 of this Complaint.

2  **54.**   As a result of its unauthorized use of the service marks and trade name PEBBLE

3  BEACH as described herein, Defendant has caused, and is likely to continue to cause, confusion

4  or to cause mistake or to deceive the public, in violation of the common law of the State of

5  California and Cal. Bus. & Prof. Code § 17220 et seq.

6  **55.**   As a result of Defendant's acts as alleged above, Plaintiff has incurred damages in

7  an amount to be proved at trial consisting of, among other things, diminution in the value of the

8  goodwill associated with its marks and trade name.

9  **56.**   Defendant is likely to mislead prospective users of his services as to the affiliation,

10  connection, or association of Defendant and his website with Plaintiff or Plaintiff's services or as

11  to the origin, sponsorship, or approval of Defendant's products, commercial activities or website

12  by Plaintiff, causing purchasers to rely thereon, in violation of the common law of the State of

13  California and Cal. Bus. & Prof. Code § 17200.

14  **57.**   By reason of Defendant's acts, Plaintiff has suffered and will continue to suffer

15  damage and injury to its business, reputation and goodwill, and Defendant has been and will

16  continue to be unjustly enriched.

17  ### PRAYER FOR RELIEF

18  WHEREFORE, Plaintiff prays:

19  **1.**   That this Court grant a permanent injunction enjoining Defendant Michael Caddy

20  and each of his partners, associates, agents, servants, and employees, and all others under his

21  control or acting in concert therewith or having knowledge thereof, from advertising or offering

22  goods or services in conjunction with any mark, word, term, name, symbol, or device in the

23  United States and Great Britain that is identical or confusingly similar to the PEBBLE BEACH

24  marks, for accommodation, dining, restaurant, and bar services, and from committing any other

25  act that is likely to cause confusion, mistake, or deception. See 15 U.S.C. § 1116.

26  **2.**   That this Court grant a permanent injunction enjoining Defendant Michael Caddy

27  and each of his partners, associates, agents, servants, and employees, and all others under his

28  control or acting in concert therewith or having knowledge thereof, from advertising or selling

COOLEY GODWARD LLP
ATTORNEYS AT LAW
SAN FRANCISCO

658249 v2/PA
#3WP02!.DOC

9.

COMPLAINT

1    goods or offering any services in conjunction with any mark, word, term, name, symbol, or

2    device, in the United States and Great Britain that dilutes the distinctive quality of Plaintiff's

3    PEBBLE BEACH service marks.

4          **3.**     That this Court require Defendant Michael Caddy to assign his

5    pebblebeach-uk.com and any other domain name that includes the term "Pebble Beach" to

6    Plaintiff.

7          **4.**     That this Court require Defendant Michael Caddy to account to Plaintiff for treble

8    all of Plaintiff's damages and all profits or unjust enrichment which Defendant Michael Caddy

9    has derived from the sale of any service which bears the mark PEBBLE BEACH, or which makes

10   reference to PEBBLE BEACH, as well as award reasonable attorney fees and costs to Plaintiff.

11   See 15 U.S.C. §§ 1117(a); 1125(c)(2).

12         **5.**     That this Court grant Plaintiff such other and further relief as it should deem just.

13   Dated: October 8, 2003                    COOLEY GODWARD LLP
                                               JANET L. CULLUM (104336)
14
                                               TRATTNER & ASSOCIATES
15                                             STEPHEN M. TRATTNER

16

17                                             _____
                                               Janet L. Cullum
18                                             Attorneys for Plaintiff
                                               PEBBLE BEACH COMPANY
19

20

21

22

23

24

25

26

27

28

1

## JURY DEMAND

2

     Plaintiff requests a trial by jury.

3

Dated: October 8 , 2003

4

                         COOLEY GODWARD LLP
                         JANET L. CULLUM (104336)

5

                         TRATTNER & ASSOCIATES
                         STEPHEN M. TRATTNER

6

7

8

                         Janet L. Cullum
                         Attorneys for Plaintiff

9

                         PEBBLE BEACH COMPANY

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COOLEY GODWARD LLP
ATTORNEYS AT LAW
SAN FRANCISCO

658249 v2/PA
#3WP02!.DOC

11.

COMPLAINT